**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL NUTTALL f/k/a** | § | |
| **MICHAEL FLOREALE d/b/a** | § | |
| **WHEN IN ROME and MUSICWERKS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 3:12-cv-2123-M-BF** |
| | § | |
| **BOBBY GENE JUAREZ a/k/a** | § | |
| **ROB JUAREZ d/b/a BOSS BOOKING** | § | |
| **AGENCY, WHEN IN ROME, and** | § | |
| **WHEN IN ROME UK, CLIVE** | § | |
| **FARRINGTON, individually and d/b/a** | § | |
| **WHEN IN ROME UK, and ANDREW** | § | |
| **MANN, individually and d/b/a** | § | |
| **WHEN IN ROME UK,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

In this civil action arising out of two competing bands' claims to use the name "When In Rome," Defendants have filed three separate motions to dismiss for lack of personal jurisdiction and improper venue. For the following reasons, the Court determines that venue is improper in the Northern District of Texas and recommends that the District Court transfer this case, in the interest of justice, to the Central District of California.

## I. Background

Plaintiff Michael Nuttall, formerly known as Michael Floreale, and Defendants Clive Farrington and Andrew Mann are the original members of "When in Rome," the British musical band that wrote and performed the 1988 hit song called "The Promise." *See* Farrington Decl. (Doc.

20-1) at 1, ¶ 1 & 2, ¶ 8; Mann Decl. (Doc. 39-1) at 1, ¶ 3.[1]  Despite their early success, the original members of When In Rome stopped working together in the early 1990s, and Plaintiff moved to the United States.  *See* Farrington Decl. at 2, ¶ 9; Plf. Second Am. Compl. at 7, ¶ 9.  Plaintiff is now a Texas resident, and Farrington and Mann are residents of the United Kingdom.  Plf. Second Am. Compl. at 1, ¶ 1; Farrington Decl. at 1, ¶ 1; Mann Decl. at 1, ¶ 2.

Plaintiff continued to work as a musician and composer after he moved to the United States. Plf. Sec. Am. Compl. at 7, ¶ 9.  Sometime in 2006, he assembled a band and resumed performing live shows using the name When in Rome.  Plf. Second Am. Compl. at 8, ¶ 10.  Defendant Bobby Gene Juarez, a California resident, joined Plaintiff's band as the drummer and percussionist, and Juarez's company, The Boss Booking Agency, served as the band's booking agent.  *See* Juarez Decl. (Doc. 40-1) at 1, ¶¶ 2-3.  Between 2007 and 2010, Plaintiff's band performed throughout the United States, including at least seven concerts in Texas and 37 concerts in California.  Juarez Decl. at 6, ¶ 12.  On or about January 4, 2011, Plaintiff obtained a federally registered trademark for "WHEN IN ROME" for entertainment services in the nature of live musical performances.  *See* Plf. First Am. Compl. (Doc. 8), Exh. F.

The relationship between Plaintiff and Juarez soured, and Juarez left Plaintiff's band in late 2010 or early 2011.  Plf. Second Am. Compl. at 12, ¶ 14; Juarez Decl. at 4, ¶ 12.  Almost immediately thereafter, Juarez partnered with Farrington and Mann, and the three Defendants went on tour performing concerts using the name, "When in Rome UK."  Juarez Decl. at 1, ¶ 3 & 2, ¶¶ 6, 8; Farrington Decl. at 2, ¶ 10; Mann Decl. at 2, ¶ 6.  In 2011 and 2012, Defendants' band toured the United States and played at least fourteen concerts in California and one in Houston, Texas.  Juarez

---

[1]  The Promise reached No. 11 on Billboard's Hot 100 Chart in the United States.  Mann Decl. at 1, ¶ 3.

2

Decl. at 6, ¶ 10.  Defendants created the website www.wheninromeofficial.com to promote their band.  *See* Plf. Second Am. Compl. at 12, ¶ 15.  At least one customer in Houston, Texas used Defendants' website to purchase a When In Rome CD.  Juarez Decl. at 6, ¶ 11.  Defendants also allegedly sold When In Rome CDs at a Redondo Beach, California concert with jacket covers that failed to list Plaintiff as a musical author in disregard of his copyright.  Plf. Second Am. Compl. at 16, ¶ 22.

In or around March 2011, Plaintiff demanded that Defendants cease and desist from using the name When In Rome UK because it was confusingly similar to Plaintiff's trademark.  Defendants allegedly agreed to stop using the challenged name and perform as "Clive Farrington and Andrew Mann formerly of When In Rome," but then breached their agreement by continuing to promote their band as When In Rome UK.  Plf. Second Am. Compl. at 12-13, ¶¶ 16-17 & 16, ¶ 22.  Plaintiff contends that Defendants performed a concert as When In Rome UK at Stereo Live in Houston, Texas on August 25, 2011.  Plf. Second Am. Compl. at 13, ¶ 17.  Defendants admit that they performed at Stereo Live as part of the "Lost '80s Live" tour that Juarez arranged, but insist that they actually performed using the name "Clive Farrington and Andrew Mann formerly of When in Rome," as Plaintiff requested.  Juarez Decl. at 4, ¶ 5; Mann Decl. at 1-2, ¶ 5.  Plaintiff further contends that, in response to his cease and desist demand, Defendants made false statements to industry trade publications, concert promoters, and venues, including Stereo Live in Houston, implying that Plaintiff obtained his trademark illegally.  Plf. Second Am. Compl. at 10, ¶ 14 & 14, ¶ 19.  Defendants allegedly posted similar untrue statements on Facebook and other social media websites to harass and intimidate Plaintiff.  *Id.* at 14, ¶ 19 & 17, ¶ 23.

3

On June 26, 2012, Plaintiff sued Defendants in Texas state court alleging, among other things, claims for trademark infringement, unfair competition, and dilution under the Lanham Act, 15 U.S.C. § 1114, *et seq*. Defendants timely removed to federal court on grounds that the case presents a federal question. *See* Rem. Not. (Doc. 1) at 4;  28 U.S.C. § 1331. In his most recent pleading,[2] Plaintiff asserts the following causes of action against Juarez, Farrington, and Mann:  (1) federal trademark infringement under Section 32 of the Lanham Act; (2) unfair competition under Section 43 of the Lanham Act; (3) violations of the Anti-Cybersquatting Consumer Protection Act; (4) unfair competition and misappropriation under Texas law; (5) injury to business reputation and trademark dilution under Texas law; (6) libel, slander, and defamation; (7) copyright infringement; (8) breach of royalty agreement; (9) breach of agreement to cease and desist; (10) false representation in commerce; (11) tortious interference with contracts and/or business opportunities; and (12) unjust enrichment.  Plf. Second Am. Compl. at 18-30, ¶¶ 25-92.  Plaintiff seeks monetary damages, injunctive relief, and transfer of the registration of the domain name for Defendants' website, www.wheninromeofficial.com. *Id.* at 31-34. He also seeks a declaratory judgment that he owns the When In Rome mark and has superior rights to use the mark and words or phrases that are confusingly similar, including When In Rome UK. *Id.* at 29-30, ¶¶ 86-90.

Defendants deny Plaintiff's allegations and further argue that personal jurisdiction is lacking and venue is improper in the Northern District of Texas. Defendants filed separate motions seeking to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(2) and 12(b)(3). Juarez also seeks, in the alternative, to have the case transferred to the Central District of California. As grounds for their

---

[2] By separate order, the Court has granted Plaintiff's motion for leave to file his second amended complaint. That pleading is now the live pleading in this case.

4

motions, Defendants generally contend that they have insufficient contacts with the state of Texas and the exercise of personal jurisdiction over them would offend traditional notions of fair play and substantial justice.  They further contend that a substantial part of the events giving rise to Plaintiff's claims did not occur in the Northern District of Texas.  The District Court permitted the parties to conduct jurisdictional discovery.  *See* Order dated 1/10/13 (Doc. 32) at 2.  That discovery is now complete, and the jurisdictional and venue issues have been fully briefed.  Defendants' motions to dismiss are ripe for determination.

## II.  Legal Standards

The Court first considers Defendants' arguments that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because venue is improper in the Northern District of Texas.  A court typically decides personal jurisdiction questions before considering any venue challenges.  "[W]hen there is a sound prudential justification for doing so," however, a court may reverse the normal order.  *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (explaining that "neither personal jurisdiction nor venue is fundamentally preliminary").  In this case, resolution of the venue issue renders the personal jurisdiction problem moot and avoids the need to address constitutional questions.  It is thus appropriate to consider venue as an initial matter.  *See, e.g., Corbello v. Devito*, No. 1:07-CV-985, 2008 WL 2097435, at *2 (E.D. Tex. May 19, 2008) (finding it appropriate to consider venue first because doing so obviated the need to resolve questions raised by personal jurisdiction challenge); *Assetworks, Inc. v. City of Cincinnati*, No. SA-02-CA-0351-FB, 2003 WL 25463096, at *5 n.49 (N.D. Tex. Mar. 31, 2003) (same).

Once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper as to each defendant and each claim.  *Emelike v. L-3 Communications Corp.*, No.

3:12-CV-2470-M, 2013 WL 1890289, at *1 (N.D. Tex. May 7, 2013).[3]  The Court must accept as true all of the allegations in Plaintiff's complaint and resolve all factual conflicts in Plaintiff's favor. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)).  The Court may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments.  *Ginter ex rel. Ballard v. Belcher, Predergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008).  If venue is improper, the Court has broad discretion to dismiss the case or, in the interest of justice, transfer the case to any district where venue is proper.  28 U.S.C. §1406(a); *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

### III.  Analysis

The general venue statute, 28 U.S.C. § 1391(b), provides that a civil action may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or,
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

---

[3] Although there is divided authority in this circuit regarding which party bears the burden of proof with regard to venue after a Rule 12(b)(3) motion has been made, *compare, e.g., Holdridge v. TricorBraun Inc.*, No. 3:13-CV-1202-L, 2013 WL 3213318, at *3 (N.D. Tex. June 26, 2013) (placing burden on the defendant to demonstrate affirmatively that the plaintiff filed the lawsuit in an improper venue) *with Inst. for Creation Research Graduate School v. Paredes*, No. 3:09-CV-0693-B, 2009 WL 4333366, at *2 (N.D. Tex. Dec. 1, 2009) (placing burden on the plaintiff to establish that venue is proper), the District Court has consistently held that the plaintiff bears the burden of sustaining venue in the district in which the suit was brought.  *Emelike*, 2013 WL 1890289, at *1 (Lynn, J.); *Tracfone Wireless, Inc. v. Stone*, No. 3:07-CV-1770-M, 2008 WL 648942, at *3 (N.D. Tex. Feb. 26, 2008) (Lynn, J.); *Nayani v. Horseshoe Entm't*, No. 3:06-CV-1540-M, 2007 WL 1062561, at *2 (N.D.Tex. Apr. 10, 2007) (Lynn, J.).

28 U.S.C. § 1391(b). Here, Plaintiff alleges and argues only that venue is proper in the Northern District of Texas as to all three Defendants and each cause of action "because a substantial part of the events giving rise to the claims alleged in [his] Complaint occurred in this judicial district." Plf. Sec. Am. Compl. at 5, ¶ 7; *see also* Plf Resp. to Farrington Mot. (Doc. 24) at 19; Plf Resp. to Juarez Mot. (Doc. 44) at 18; Plf Resp. to Mann Mot. (Doc. 46) at 9-10. Defendants respond that venue is improper with respect to Plaintiff's claims arising out of their use of the When In Rome name because they have not performed any concerts in the Northern District, nor have they used the name to sell any products or services to residents of this district. Mann Br. (Doc. 39) at 8; Juarez Br. (Doc. 40) at 7. Defendants also object that venue is improper as to Plaintiff's defamation claims because none of the allegedly defamatory communications were made in or directed to recipients in this district. Mann Br. at 8; Juarez Br. at 7. Finally, Defendants Farrington and Mann argue that venue is improper as to Plaintiff's copyright claims because they have not performed "The Promise" in this district and their licensing agent, which is the only party to whom they are required to account, is not based in Dallas. Mann Br. at 9.

### A. Juarez

Plaintiff's sole argument that venue is proper in the Northern District is based on the unpled allegation that Juarez caused Pollstar, a concert industry trade publication, to advertise on its website that Defendants' band performed at a "private function" in Dallas in August 2011. Plf. Resp. to Juarez Mot. (Doc. 44) at 18; *see also* Plf. App. at 107.[4] Juarez specifically denies that the band

---

[4] Defendants object that most of the evidence submitted by Plaintiff in response to the pending motions is inadmissible hearsay. *See* Juarez Reply (Doc. 50) at 1-2, 11; Mann Reply (Doc. 51) at 1-2; Farrington Supp. Reply (Doc. 52) at 1. The Court finds, however, that – even if considered – none of the challenged evidence affects the disposition of the motions to dismiss. Accordingly, Defendants' objections are overruled as moot. *Winchester v. Nationwide Mut. Ins. Co.*, No. 3:09-CV-1225-M-BD, 2011 WL 913236, at *1 n.1 (N.D. Tex. Feb. 24, 2011), *rec. adopted*, 2011 WL 913245 (N.D. Tex. Mar. 15, 2011) (overruling as moot objections to evidence that would not affect disposition of

performed in Dallas, but tacitly concedes that Pollstar listed a Dallas event on its website.  Juarez

Decl. at 5, ¶ 7.  Juarez explains that the Pollstar listing may have been the result of a "joke" he

played on Plaintiff:

> I understand from seeing communications from Mr. Nuttall's lawyer
> that Mr. Nuttall insists that Clive, Andrew and I performed in Dallas
> in 2011.  We did not.  After I heard from multiple sources that Mr.
> Nuttall was claiming, to paraphrase, that we were avoiding Dallas
> because we were scared of him and it was his backyard, I decided to
> tweak him by spreading a rumor that we had a private show in Dallas
> so he would obsess over where we were playing.  Apparently, my
> joke was successful.

*Id.*  Even assuming that Juarez falsely caused Pollstar to advertise a performance in Dallas, that fact

is insufficient to establish that venue is proper in the Northern District as to any of Plaintiff's claims.

The advertisement has no connection to Plaintiff's claims for violations of the Anti-Cybersquatting

Consumer Protection Act, defamation, tortious interference with business opportunities, copyright

infringement, or breach of a royalty agreement.  Nor does it have more than a tangential connection

to Plaintiff's claims for defamation, trademark infringement, unfair competition, or any remaining

claim arising out of Juarez's conduct in promoting Defendants' band.  *Seariver Maritime Financial*

*Holdings, Inc. v. Pena*, 952 F.Supp. 455, 460 (S.D. Tex. 1996) (events that have only a tangential

connection with the dispute at bar are not sufficient to lay venue).  The advertisement does not

establish that Defendants actually performed, or even attempted to perform, any concerts in the

Northern District, sold any goods or services to residents of this district, or made any defamatory

statements in or to recipients in this district.  Plaintiff has not alleged any claims against Juarez that

could be based on a rumor, such as a claim for fraud or misrepresentation.

---

summary judgment motion); *Ellipse Comm., Inc. v. Caven*, No. 3:07-1922-O, 2009 WL 3398709, at *4 (N.D. Tex. Oct. 16, 2009) (same).

Under appropriate circumstances, venue for a Lanham Act claim may be proper in a district where consumer confusion occurs. *See Tran Enter., LLC v. Dao*, No. H:10-1347, 2010 WL 5092968, at *4 (S.D. Tex. Dec. 7, 2010). In this case, however, Plaintiff does not argue – much less allege – that any consumer in the Northern District of Texas accessed the Pollstar website and was confused by the information regarding the "private function" in Dallas. The mere possibility that someone in this district might have accessed the Pollstar website, seen the listing for the "private function," and been confused by it is an inadequate basis for venue under Section 1391(b)(2). *Cabot Oil & Gas Corp. v. Water Cleaning Serv., LLC*, No. H-12-0665, 2012 WL 2133589, at *3 (S.D. Tex. June 12, 2012); *see also Francesca's Collections, Inc. v. Medina*, No. H-11-307, 2011 WL 3925062 (S.D. Tex. Sept. 7, 2011) ("The mere presence of an interactive website is insufficient to confer venue where, as here, a plaintiff presents no evidence of actual interactivity within the district, nor of sales, shipments, or any other commercial activity within the district.").

Plaintiff's arguments concerning convenience are also inapposite. Plf. Reply to Juarez Mot. (Doc. 44) at 18. Unlike the analysis under 28 U.S.C. § 1404(a), "convenience," even if assumed to weigh in Plaintiff's favor, does not establish that a substantial part of the events giving rise to the claims at issue occurred in the district. *Seariver*, 952 F.Supp. at 461. Plaintiff has not established that venue is proper as to his claims against Juarez.

### B. Mann

For the same reasons, Plaintiff has failed to establish that venue is proper as to his claims against Mann. Plaintiff's sole argument that venue is proper is that "Juarez, [Mann's] agent and co-band member of WHEN IN ROME UK advertised that a concert was to take place in Dallas ... on August 26, 2011." Plf. Resp. to Mann Mot. (Doc. 46-1) at 9. Such conduct – even if it could be

imputed to Mann for venue purpose – is insufficient to establish that venue is proper in the Northern District as to any of Plaintiff's claims arising out of Mann's use of the name When In Rome UK.

Plaintiff does not address Mann's arguments concerning proper venue for his copyright claim. The Court observes, however, that venue for a copyright infringement claim is governed exclusively by a special provision of the Copyright Act, which provides that infringement claims may be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); *Time, Inc. v. Manning*, 366 F.2d 690, 696 (5th Cir. 1966) (noting that for copyright infringement claims, 28 U.S.C. § 1400(a), not 28 U.S.C. § 1391(b), governs venue). For venue purposes, an individual defendant "resides" in the district of his residence or legal domicile and "may be found" in a district where he is subject to personal jurisdiction. *Asevedo v. NBCUniversal Media, LLC*, 921 F.Supp.2d 573, 590 (E.D. La. 2013) (citing 17 Moore's Federal Practice 3d 110.03 (2002)). The venue inquiry is conducted as if the district were its own state. *Id.*; *Tayama v. Riom Corp.*, No. 2:11-CV-167-J, 2012 WL 556007, at *2 (N.D. Tex. Feb. 21, 2012). Mann does not reside in the Northern District of Texas, and Plaintiff has failed to establish that Mann has sufficient minimum contacts with the district to support the exercise of personal jurisdiction with regard to his copyright claim. There is no evidence that Mann performed "The Promise" or any song in which Plaintiff holds a copyright in the Northern District. There is likewise no evidence that Mann sold any CD containing a copyrighted song in this district. Plaintiff has thus failed to establish that a substantial part of the events giving rise to his claims against Mann occurred in the district. Thus, venue is not proper as to Plaintiff's claims against Juarez.

### C.  Farrington

Venue is similarly improper as to Plaintiff's claims against Farrington.  Plaintiff argues, without elaboration, that venue is proper with respect to such claims because "[t]he defamatory comments about Nuttal, breach of contract and infringement activities are directed at Nuttall who is located in the Northern District of Texas.  Further, at least one act of liability — trademark infringement — has occurred *in Texas.*"  Plf. Resp. to Farrington Mot. (Doc. 24) at 19 (emphasis added).  It is not sufficient for venue purposes, however, that an act of infringement may have occurred in this state.  Rather, Plaintiff must establish that an act of infringement occurred in this judicial district.  28 U.S.C. § 1392(b)(2) (providing that civil action may be brought in "a *judicial district* in which a substantial part of the events or omissions giving rise to the claim occurred") (emphasis added).

Plaintiff fails to identify with any particularity what breach of contract and infringement activities support his claim that venue is proper in this district.  In the interest of justice, the Court carefully reviewed Plaintiff's briefs and his 215-page appendix of evidence submitted in support of his response to Defendants' motions to dismiss.  Even resolving all factual conflicts in Plaintiff's favor, there is no evidence that any breach of contract or act of trademark infringement occurred in the Northern District of Texas.  Instead, the evidence establishes that Defendants' band performed one show in Houston, Texas and sold one When In Rome t-shirt through their website, www.wheninromeofficial.com, to a customer in Houston, which is in the Southern District of Texas.  *See* Juarez Decl. at 4, ¶ 5 & 6, ¶ 11; Mann Decl. at 1-2, ¶ 5.  There is no evidence that any performance, sales, or shipments occurred in this district.  The existence of Defendants' website,

without more, is insufficient to establish venue in the Northern District. *Francesca's Collections*, 2011 WL 3925062, at *2.

Plaintiff does not cite any authority in support of his contention that venue is proper for his defamation claims because Farrington's comments were "directed" at Plaintiff, who is a resident of this district. Nor does he specify with any particularity which comments or activities he contends support jurisdiction. In his complaint, Plaintiff alleges that defamatory letters were sent to venues and promoters in Nevada, California, Mexico, Hawaii, South Carolina, and Houston, Texas and posted on social media websites. Plf. Second Am. Compl. at 11, ¶ 14. There is no allegation or evidence that any alleged defamatory statement was made in or specifically directed to any resident of this district. The fact that Plaintiff may have felt the effects of any alleged defamatory statement in the Northern District because he resides in this district is insufficient to establish that venue is proper here. *See Bigham v. Envirocare of Utah*, 123 F.Supp.2d 1046, 1048 (S.D. Tex. 2000) (fact that a plaintiff residing in a particular judicial district feels the effect of a defendant's conduct in that district does not necessarily mean that the events or omissions occurred there); *see also Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010) (that defendant's alleged defamatory statement caused plaintiff harm in Texas and defendant purportedly knew of the likelihood of such harm was not sufficient to make a prima facie showing of personal jurisdiction).

Finally, Plaintiff's arguments regarding deference to his choice of venue and convenience are inapposite. Plaintiff is not entitled to choose an improper venue and "convenience" is not a proper factor to consider under Section 1391(b)(2). The Court therefore concludes that Plaintiff has failed to show that venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(2).

## IV. Transfer

Having determined that venue is improper in the Northern District of Texas, the Court must decide whether to dismiss this case or transfer it to an appropriate judicial district. 28 U.S.C. § 1406(a). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." *Id.* The interest of justice generally requires that the Court transfer the case to the appropriate judicial district rather than dismiss it. *Francesca's Collections*, 2011 WL 3925062, at *3 (quoting 14 D C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction § 3827, at 605 (3d ed. 2007). The parties here have already engaged in extensive jurisdictional discovery and motion practice. Additionally, Plaintiff experienced difficulty effecting service on Defendants. A transfer would be in the interest of justice because it would avoid the costs and delay that would likely result from dismissal and refiling. *Blanchard v. Heart of Texas Region MHMR*, No. 3:08-CV-0370-B, 2008 WL 1867400, at *2 (N.D. Tex. Apr. 25, 2008) (transfer, rather than dismissal, in interest of justice where plaintiff claimed she had difficulty serving defendant).

Venue is proper in the Central District of California, Western Division because a substantial part of the events giving rise to all of Plaintiff's claims occurred there.[5] 28 U.S.C. § 1391(b)(2). Defendants performed several concerts in the Los Angeles area as When In Rome , including the 2012 Redondo Beach concert where Defendants allegedly sold the CDs with covers that failed to

---

[5] Even if Plaintiff could establish that venue is proper in this district as to one or more of his claims, the district Court should still transfer the entire case to the Central District of California to avoid piecemeal adjudication of his claims. *Martinez v. Angel Exploration, LLC*, No. 2:12-CV-265, 2013 WL 1496954, at *5 (N.D. Tex. Apr. 11, 2013) (recognizing power of court to transfer entire case, in the interest of justice, where venue was improper as to some but not all defendants and claims).

acknowledge Plaintiff as a musical author.  *See* Juarez Decl. at 6, ¶ 10; Plf. Second Am. Compl. at 15-16, ¶ 22.  Thus, venue is proper in the Central District of California as to Plaintiff's claims for trademark infringement, copyright infringement, unfair competition, breach of contract, and breach of royalty agreement.  Several of the alleged defamatory statements were sent to recipients in Los Angeles, which would make venue proper in the Central District of California for Plaintiff's defamation claims.  Plf. Second Am. Compl. at 11, ¶ 14.  Juarez and Mann concede that they would be subject to personal jurisdiction in the Central District of California, *see* Juarez Reply (Doc. 40) at 9; Mann Reply (Doc. 51) at 7, further making venue proper there for Plaintiff's copyright infringement claims.  Accordingly, the District Court should transfer this action to the Central District of California.

**Recommendation**

The District Court should GRANT Defendants' motions to dismiss (Docs. 20, 39 & 40) on grounds that venue is improper in the Northern District of Texas.  In the interest of justice, the District Court should transfer this case to the Central District of California, Western Division in Los Angeles.

**SO RECOMMENDED**, November 8, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

15